IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDY SKAINS,

    Plaintiff,

vs.

DR. KLARICH, et al.,

    Defendants.

CV F 04 5960 OWW WMW P

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

This action proceeds on the complaint. Plaintiff, an inmate in the custody of the California Department of Corrections at Pleasant Valley State Prison, brings this civil rights action against defendant medical officials employed by the Department of Corrections at Pleasant Valley. Plaintiff's claims in this complaint relate to his medical care. Plaintiff names the following individual defendants: John Klarich, Chief Medical Officer; Jeff Neubarth, M.D.; Neil Kushner, M.D.; Romeo Ortiz, M.D.

Plaintiff suffers from pain associated with injuries to his neck and back. Plaintiff's complaint consists of generalized allegations regarding his medical care and specific allegations as to certain defendants. Plaintiff contends that prior to his transfer to Pleasant

1  Valley, he was treated for nerve damage with Elavil.  At Pleasant Valley, plaintiff was
2  prescribed Neurotin.  A referral to a neurologist was made by defendant Dr. Kushner on
3  February 18, 2003, and authorized by defendant Dr. Neubarth on March 10, 2003.  Seven
4  months later, the request for a neurological consult was denied by a medical review committee.

5  At some point, plaintiff was examined by a neurologist.  Plaintiff does not
6  specify whether this was before his referral or after.  Plaintiff specifically alleges that "after the
7  neurologist examined me he ordered a MRI to be completed.  Upon seeing Dr. Ortiz on 12-3-03
8  he stated that due to institutional procedures (moratorium) he wrote in my file for me to return in
9  90 days before he would order the MRI."

10  At some point, plaintiff filed an inmate grievance regarding his medical care.  The
11  response to the grievance indicated that plaintiff was prescribed medication for his pain, and that
12  he was placed on a waiting list for a neurological consultation.  Plaintiff contends that the he
13  was not placed on such a waiting list, as the review committee denied the request for a
14  consultation.

15  Plaintiff was seen by Dr. Ortiz at sick call on an unspecified date.  Dr. Ortiz
16  advised plaintiff that "I had waited too long to complain about my problems."  Plaintiff
17  explained to Dr. Ortiz the difficulties he has had over the years with medical care in the
18  Department of Corrections.  Dr. Ortiz "told me that I was just getting old and he refused an
19  orthopedic pillow, mattress, cane and crutches and a medical adjustment."

20  Plaintiff alleges that "after months of correspondence and intervention by Mental
21  Health staff, I was examined by Dr. Alisei on January 27, 2004."  Plaintiff alleges that this "was
22  the first time I was actually examined and tested by CDC medical staff."  Plaintiff goes on to
23  state that on December 2, 2003, an X-ray of his spine was taken.  Plaintiff attaches exhibits to his
24  complaint that indicate numerous instances of medical treatment during his incarceration.

25  To warrant relief under the Civil Rights Act, a plaintiff must allege and show that
26

2

1 defendant's acts or omissions caused the deprivation of his constitutionally protected rights.
2 Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).   In order to state a claim under § 1983, a
3 plaintiff must allege that: (1) a person was acting under color of state law at the time the
4 complained of act was committed; and (2) that person's conduct deprived plaintiff of rights,
5 privileges or immunities secured by the Constitution or laws of the United States.  Paratt
6 v.Taylor, 451 U.S. 527, 535 (1981).

7 The statute plainly requires that there be an actual connection or link between the
8 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
9 Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
10 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a
11 constitutional right, within the meaning of section 1983, if he does an affirmative act,
12 participates in another's affirmative acts or omits to perform an act which he is legally required
13 to do that causes the deprivation of which the complaint is made."  Johnson v. Duffy, 588 F.2d
14 740, 743 (9th Cir. 1978).

15 Under the Eighth Amendment, the government has an obligation to provide
16 medical care to those who are incarcerated.  See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir.
17 2000).  "In order to violate the Eighth Amendment proscription against cruel and unusual
18 punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Id.
19 (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)).  Lopez takes a two-prong approach to
20 evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference."
21 First, a court must examine whether the plaintiff's medical needs were serious.  See Id.  Second,
22 a court must determine whether "officials intentionally interfered with [the plaintiff's] medical
23 treatment."  Id. at 1132.

24 Here, plaintiff fails to allege facts sufficient to state a claim for relief.   The court
25 finds the allegations in the complaint to be vague.  In order to state a claim for relief, plaintiff
26

must allege facts indicating that each individual defendant knew of and disregarded a serious risk to plaintiff's health, resulting in injury to plaintiff. Vague allegations of insufficient or untimely medical care fail to state a claim for relief. Plaintiff must charge each individual defendant with conduct that constitutes deliberate indifference as that term is identified above.

The court finds the allegations in plaintiff's complaint vague and conclusory. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original

pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

       In accordance with the above, IT IS HEREBY ORDERED that:

       1.  Plaintiff's complaint is dismissed; and

       2.  Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:**   **June 13, 2006**             **/s/  William M. Wunderlich**
mmkd34                                             UNITED STATES MAGISTRATE JUDGE